## Case No. 7,586.

### JURGENSEN v. MAGNIN et al.

[9 Blatchf. 294; 5 Fish. Pat. Cas. 237.] [1]

Circuit Court, S. D. New York. Jan. 5, 1872.

PATENTS — STEM SETTING WATCHES — INFRINGE-
MENT—MERE MECHANISM.

1. The claims of the reissued letters patent granted to Jules Jurgensen, April 11th, 1871, for an "improvement in stem-setting watches," the original letters patent having been granted to him January 15th, 1867, namely: "1. A stem-setting watch, so constructed that the setting mechanism is thrown into gear by turning down the pendent ring or bow, when the front cap or case is open, substantially as shown and described; 2. The combination of the cap or guard, E, with the pendent bow, C, and hand-setting mechanism, whereby the said cap, while closed, is made to prevent the bow from throwing the hand-setting mechanism in gear, substantially as shown and described," are infringed by watches containing mechanism constructed in accordance with the description contained in letters patent granted to V. J. Magnin, Guédin & Co., as assignees of James Nardin, August 17th, 1869, for an "improvement in stem-winding watches."

2. Before the plaintiff's invention, no projection on the bow or pendent ring of a watch had been used, through the turning down of such bow, to actuate a slide, to throw into gear the hand-turning wheels, and the slide had never been placed within reach of any such projection; and the plaintiff was the first to dispense at once with the projection of the slide outside of the case, and with the necessity for locking it by a pin, by putting it within the closed cover, and making it impossible for the projection on the bow to move it with the cover closed.

3. The defendant's arrangement infringes, because the slide does not project outside of the case, and is within the cover, when the cover is closed, so as to be thereby protected from accidental contact with anything; and because the slide is so placed, relatively to one of the collars on the bow, that, when the cover is open, and the bow is turned over, the collar will press on the slide, to effect the gearing with the hand-turning wheels. In both, if the bow is turned down, when the cover is open, a projection on the bow presses against a slide, which bears against a spring, through the compression of which the gearing is effected with the hand-turning wheels, by the sliding motion imparted to a toothed wheel on the winding-stem; and, in both, when the cover is shut, such gearing cannot be effected, even accidentally.

4. It makes no difference, that there is, in the plaintiff's arrangement, a larger quantity of mechanism, and that the plaintiff places the slide, and the projection to move it, within the stem, while the defendant places them outside of the stem, and that the defendant can still move his slide by hand, when the cover is open, and the plaintiff cannot so move his.

[Motion for provisional injunction. Suit brought [by Jules Jurgensen against Elise Magnin and others] upon letters patent [No. 61,207] for an "improvement in stem-setting watches," granted to complainant January 15, 1867, and reissued April 11, 1871 [No. 4,334]. In the accompanying engraving of the complainant's watch, the eccentric pin

or projection on the ring is indicated by the letter S; immediately below it and to the left of the shaft of the spindle, D, is seen the sliding-rod, which, when forced inward by the pin, S, presses down the spring, i, and thus, through the intermediate mechanism, causes the contrate wheel, c, to engage with the pinion, d, and through it with the hands of the watch.

Complainant's                    Defendants'

[In the engraving of defendants' watch, the beveled projection, F, on the ring, when turned down, presses the pin or sliding-rod, shown by dotted lines at C (called B in the specification), against the spring, d, and so throws the spindle into gear with the hands, through the intermediate mechanism.] [2]

Thomas C. T. Buckley, for plaintiff.
Charles M. Keller and Mr. Blake, for defendants.

BLATCHFORD, District Judge. This is a motion for a provisional injunction, founded on re-issued letters patent granted to the plaintiff April 11th, 1871, for an "improvement in stem-setting watches," on the surrender of original letters patent granted to him January 15th, 1867. The specification says: "The nature of my invention consists in so constructing the rotating device and the bow or pendent ring, and so arranging them with relation to each other, that, by turning down the bow, the rotating device is thrown into gear with the mechanism which operates the hands. In stem-setting watches, as previously constructed, it has been usual, in addition to the stem-turning gear, whereby the hands are adjusted, or set forward or backward, as required, to employ a pin or spring, arranged to protrude from the case, and requiring a separate application of pressure or force, say, by the thumb or finger, before and while turning the rotating device at the stem, for the purpose of locking said rotating device with the cannon or minute-hand-operating pinion of the watch. This, however, is very objectionable, not only on account of the double manipulation requisite to set the hands, but also on account of the liability to accidental and improper adjustment of them by some casual

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 9 Blatchf. 294, and the statement is from 5 Fish. Pat. Cas. 237.]

[2] [From 5 Fish. Pat. Cas. 237.]

outside contact with, and action on, the stem-gearing pin or spring, and turning of the attachment that is used for setting the hands. The difficulties referred to are obviated in my invention, by making automatic, consequent on the adjustment of the pendent bow of the stem, when the cap, or a portion of the case only, is open, the gearing of the rotating device at the stem with the cannon-pinion of the watch, the pendent bow controlling the action of the rotating device." The specification then describes the new mechanism. The bow or pendent ring, C, is divided, where it is hung in the stem, so as to admit of a spindle passing up through the stem. The spindle is provided with a milled-cap, or rose-head, on its exterior end, to facilitate the turning of it by the fingers, in setting the hands of the watch; and, passing through the rim into the body of the case, and supported by suitable bearings, it carries, near its opposite or inner end, a clutch, the inner face of which is made to form, or has attached to it, a contrate-wheel. The clutch is made to turn with the spindle, and also to slide longitudinally on it, for the purpose of throwing the spindle, by the contrate-wheel, in or out of gear with a pinion, that meshes, through a train of spur-wheels or pinions, with the cannon-pinion of the watch. On one end of the bow or pendent ring, C, where it enters the stem, is an eccentric pin or projection, which is so pitched in relation to a sliding rod or pin passing from the stem into the body of the case, that, when the bow is extended, it is out of gear or contact with the sliding rod, and remains so even when the bow is turned down on the closed cap or case, E, or other stop or guard to it; but, on opening or removing the guard, say, opening the cap or case, E, to see the position of the hands, and the amount of adjustment necessary to be given to them, then, on turning the bow, C, yet further down, which the removal of the stop or guard, or the opening of the cap or case, E, admits of, the eccentric pin is brought to bear on and press inward the sliding pin, which touches and compresses a spring extending partly around the rim on the inside of the case. This spring has a tendency to keep pressed outward the sliding pin, which, when forced inward by the action of the eccentric pin connected with the bow, C, compresses the spring, and causes it to bear on, and drive inward, a branch or arm of a spring-clutch lever, said branch or arm working through a suitable guiding cavity or aperture in a fixed bracket, or plate, and the free end of such spring-clutch lever being forked to fit the clutch on the inner end of the spindle which passes through the stem. The spring-clutch lever being forced inward or compressed, it being of a spring or elastic character at its attachment to the case, causes the clutch on the spindle to slide inward, and with it the contrate-wheel, which is accordingly thrown into gear with the train of pinions actuating the cannon-pinion, so that, by turning the milled-cap

of the spindle to the right or to the left, the hands of the watch are set forward or backward, as required. On again throwing back, or extending, or commencing to lift, the bow, C, the eccentric pin is released from pressure on the sliding rod, such rod is thrown outward by the spring on which it bears, while the spring-clutch lever, on being relieved from the action of such spring, also shoots back and draws with it the clutch on the inner end of the spindle, which detaches the contrate-wheel from being in gear with the train of pinions actuating the cannon-pinion, so that the turning of the milled-cap and the spindle will have no effect on the setting mechanism of the watch; and the closing of the cap or case, E, or putting into action the stop or guard, secures or locks the setting mechanism out of gear, without regard to the position of the bow, which may then be either closed or extended. As the pendent bow, C, can operate upon the setting mechanism only when the cap or case, E, is open, or the stop or guard is not in action, the parts cannot be accidentally thrown into gear when the cap or case, E, is not open, or the stop or guard is in action. The claims are as follows: "1. A stem-setting watch, so constructed that the setting mechanism is thrown into gear by turning down the pendent ring or bow, when the front cap or case, E, is open, substantially as shown and described. 2. The combination of the cap or guard, E, with the pendent bow, C, and handsetting mechanism, whereby the said cap, while closed, is made to prevent the bow from throwing the hand setting mechanism in gear, substantially as shown and described."

The defendants are engaged in selling watches made in Switzerland by James Nardin, of Locle, Switzerland. The mechanism in such watches, which is alleged to infringe the plaintiff's patent, is constructed in accordance with the description contained in letters patent granted to the defendants, under the name of V. J. Magnin, Guédin & Co., of New York, as assignees of said Nardin, as the inventor, August 17th, 1869, for an "improvement in stem-winding watches." The specification of the defendants' patent, so far as it relates to anything involved in this suit, says, that Nardin's invention relates to improvements in stem-winding watches, and has for its object to arrange the slide by which the winding device is changed to gear with the hands, so that it may be better protected against being moved by the accidental contact of the slide against anything when the watch is in the pocket, or other use; and that his invention also comprises an improved mode of operating such slide, to gear the winding stem with the hands, for turning them. It further says: "Stem-winding watches are now commonly arranged for adjusting the hands by the winding stem, the toothed wheel thereon being arranged to slide out of gear with the winding gear, and into gear with wheels,

gearing with the hands, a spring, moved by a slide, projecting through the case, to be pressed by the thumb, to effect the said change, the spring restoring the connection with the winding gear when the thumb is removed. This thumb piece, projecting outside of the case, is liable to be inadvertently moved, and to catch in the clothing, &c. Pins, projecting from the cover, have been used to take into holes in these slides, to lock them, but this arrangement is objectionable. I propose, instead of having this slide, B, project through the case, to arrange it so as to project only through the bezel, A, which holds the glass, and above or into the wall, C, of the case, where it is equally or nearly as accessible for pressing into gear with the hands as when projecting outside, and where it is protected from accidental contact with anything to move it, by the cover, D, when closed. I have also so arranged this slide or thumb piece, relatively to the bow, E, and one of the collars, F, thereon, commonly used to prevent the entanglement of the vest-chain with the milled-head, G. of the winding stem, that, when the bow is turned over, in the position shown in red, the collar, F, will press upon the slide, B, and force it inward, to effect the gearing with the hand-turning wheels." There is a sliding wheel on the shaft of the winding stem, which is moved into and out of gear with the hand turning wheels, by a spring arm, to which the slide B is connected. The specification also says: "I am aware that watches are in use, provided with bows, on one end of which is formed an eccentric projection, for operating a sliding pin for compressing a spring-clutch lever, which bears a crown-wheel or pinion into contact with the train of wheels for setting the hands, but such do not pertain to my invention." The two claims of this patent which concern the present question are these: "1. The arrangement of the slide, B, relatively to the bezel, A, cover, D, and the part K. of the case, substantially as specified. 2. The arrangement of the slide, B, with the case, and the bow, E, having the collar, F, substantially as specified."

The specification of the defendants' patent manifestly refers to the plaintiff's invention, where it speaks of watches with bows on one end of which is an eccentric projection, &c. It also speaks of the prior arrangement of a slide, projecting through the case, pressed by the thumb to move a spring which causes a toothed wheel to slide into gear with the hand-gearing wheels, and condemns such arrangement of the thumb piece even when locked by a pin projecting from the cover. It proposes, as a novelty, to have the slide not project outside of the case, and to have it within the cover when the cover is closed, so as to be thereby protected from being moved by accidental contact with any-

thing. It proposes, as a further novelty, so to place the slide relatively to one of the collars on the bow, that when the cover is open, and the bow is turned over, the collar will press on the slide, to effect the gearing with the hand-turning wheels. It is impossible to distinguish this arrangement, as a mechanical structure, in respect to the plaintiff's invention and the claims of his patent, from the arrangement of the plaintiff. In both, if the bow is turned down, when the cover is open, a projection on the bow presses against a slide, which bears against a spring through the compression of which the gearing is effected with the hand-turning wheels, by the sliding motion imparted to a toothed wheel on the shaft of the winding stem. In both, when the cover is shut, such gearing cannot be effected, even accidentally. There is, in the plaintiff's arrangement, a larger quantity of mechanism, but it is impossible not to see that Nardin has appropriated, and taken directly, from the plaintiff's arrangement, all that constitutes its essence and merit. Starting with the projecting slide moved by the hand solely, and liable to be moved accidentally, the plaintiff placed the slide in such position that a projection on the bow would move it by turning the bow down, and interposed the closed cover of the watch as a guard against an accidental movement of it. The plaintiff, indeed, placed the slide and the projection to move it, both of them, within the stem. The defendants' arrangement places them outside of the stem. But this difference is not of the essence of the plaintiff's invention. True, the collars on the bow were old, and the slide and its connections with the hand-turning wheels, out of reach of being moved by the turning down of the bow, were old, and the locking of the slide by a pin on the cover of the case was old. But, before the plaintiff's invention, no projection on the bow had been used, through the turning down of the bow, to actuate the slide, and the slide had never been placed within reach of any such projection, and the plaintiff was the first to dispense at once with the projection of the slide, and with the necessity for locking it by a pin, by putting it within the closed cover, and making it impossible for the projection on the bow to move it with the cover closed. The defendants can, indeed, move their slide by the hand, when the cover is open, and the plaintiff cannot so move his. But the defendants' is none the less movable by the projection on the bow.

Entertaining no doubt as to the infringement, I must grant the injunction.